IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES W. HORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:15-cv-286-WC |
| | ) |
| ALABAMA POWER CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Motion to Dismiss Plaintiff's State Law Claims, Claims for Punitive and Extra-Contractual Damages, and to Strike Demand for Jury Trial Pursuant to ERISA (Doc. 4) and Plaintiff's Motion to Remand (Doc. 7).  The motions are briefed and are ripe for decision.  For the reasons that follow, the court concludes that Plaintiff's Motion to Remand is due to be denied and that Defendants' Motion to Dismiss is due to be granted.

### I.     PROCEDURAL BACKGROUND

On March 30, 2015, Plaintiff filed the instant complaint in the Circuit Court of Montgomery County, Alabama, alleging state law claims of fraud by misrepresentation and breach of fiduciary duty.  Compl. (Doc. 3-1).  On April 29, 2015, Defendant Southern Company Services, Inc. ("SCS"), with the consent of co-defendant Alabama Power Company ("APC"), removed the action to this court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), due to the

preemption of Plaintiff's state law claims by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Not. Rem. (Doc. 3) at 1. Also on April 29, 2015, Defendants filed their Motion to Dismiss, arguing that Plaintiff's complaint should be dismissed because his "state law claims are completely preempted by" ERISA and because Plaintiff "failed to plead that he exhausted his mandatory administrative remedies under ERISA." Defs.' Mot. (Doc. 4) at 1. Defendants also move the court to dismiss Plaintiff's "claims for extra-contractual and punitive damages and to strike [Plaintiff's] demand for a jury trial under ERISA." *Id.*

On May 29, 2015, Plaintiff filed his Notice of Voluntary Dismissal of Count II (Breach of Fiduciary Duty) of Complaint (Doc. 6), in which Plaintiff purports to voluntarily dismiss, "pursuant to Rule 41(a), *Fed. R. Civ. P.*," his claim alleging breach of fiduciary duty by Defendants. In addition, on May 29, 2015, Plaintiff filed his Motion to Remand (Doc. 7) pursuant to 28 U.S.C. § 1447(c), arguing that, given his dismissal of his breach of fiduciary duty claim, "Defendants have failed to meet their burden of establishing that the fraud claim is preempted by ERISA" and, consequently, "Defendants have failed to establish the existence of federal subject matter jurisdiction and this action is due to be remanded to the Circuit Court of Montgomery County, Alabama." Pl.'s Mot. Rem. (Doc. 7) at 8. On June 12, 2015, Defendants filed their Brief in Opposition to Motion to Remand (Doc. 11). Plaintiff has not filed a reply to Defendants' response in opposition to his Motion to Remand and, apart from the arguments made in his Motion to Remand, has not responded to Defendants' Motion to Dismiss.

**II.   MATERIAL FACTS**

The court relies upon the following facts in its disposition of the motions presently pending before the court.  Plaintiff is a former employee of Defendant APC.  Compl. (Doc. 3-1) ¶ 5.  Defendant SCS is the Plan Administrator for the pension plan APC offers its employees.  *Id.* ¶ 6.  Plaintiff was vested in the pension plan offered by APC.  *Id.* ¶ 5.  On January 27, 2010, Plaintiff obtained a divorce from his wife which, in pertinent part, required him to pay alimony to his wife in the amount of $2,000.00 per month and further directed that his alimony payments would cease when his ex-wife began collecting monthly payments from Plaintiff's pension.  *Id.* ¶¶ 7-8.  The state court which entered the divorce judgment later entered a Qualified Domestic Relations Order ("QDRO") that was served on Defendants and advised them about the court's judgment concerning Plaintiff's retirement benefits.  *Id.* ¶ 9.  Plaintiff's ex-wife thus became an alternate payee under the pension plan.  *Id.*

In contemplating retirement, Plaintiff reviewed materials provided to him by SCS pertaining to his pension benefits, including a document titled "Retirement Plan Guidelines – Your Guide to Benefits."  *Id.* ¶ 11.  "In particular, Plaintiff reviewed the Guide to determine whether the Wife was compelled to start receiving his retirement benefits upon his retirement."  *Id.* ¶ 12.  Plaintiff relied on the following passage in the document, under the section heading "PAYMENTS UNDER A QDRO," in deciding whether, and when, to retire:

3

> A court cannot require that any of your benefits be paid to your alternate payee at any time or in any form that is not otherwise authorized under the Plan.  The Plan provides, however, that payments can be made under a QDRO to your alternate payee beginning at the earliest date you could have commenced receiving benefits.  These payments can be made even if you have not separated from your Employing Company.  Payment of an alternate payee's benefit must begin by the time your benefit payments begin.

*Id.* ¶ 13; Retirement Plan Guidelines, ex. 3 to Declaration of Matthew S. Bobar (Doc. 3-5) at 24.  Plaintiff concluded that, based upon this passage, his ex-wife was compelled to begin receiving his retirement benefits as an alternate payee upon his retirement and that, consequently, pursuant to the terms of the divorce judgment, he was no longer required to make the court-ordered alimony payments upon his retirement.  Compl. (Doc. 3-1) ¶ 14.  "Plaintiff retired from Alabama Power in March 2014, and began receiving his retirement benefits in April 2014."  *Id.* ¶ 15.  Likewise, Plaintiff ceased making monthly alimony payments in March 2014.  *Id.* ¶ 17.

In May 2014, Plaintiff's ex-wife initiated contempt proceedings against Plaintiff due to his failure to make alimony payments.  *Id.* ¶ 18.  Plaintiff learned during the contempt proceedings that his retirement benefits were not paid to his ex-wife as he had expected based upon the quoted passage from the Retirement Guide.  *Id.* ¶ 19.  Plaintiff incurred approximately $8,000 in attorney's fees and expenses in defending against the contempt proceeding and suffered mental anguish in being confronted with the prospect of being incarcerated if found in contempt.  *Id.* ¶ 20.  Likewise, Plaintiff "continues to be obligated to pay the Wife periodic alimony which, based upon his diminished income in retirement, he is unable to afford."  *Id.* ¶¶ 21-22.  Plaintiff maintains that, "[b]ut for the

4

false information in the Guide, Plaintiff would not have retired from Alabama Power[,]" and that the "financial burden now placed on Plaintiff as a result of the misrepresentation has, and continues, to place an extreme financial hardship on Plaintiff and has, and continues, to cause him severe mental anguish." *Id.* ¶¶ 22-23.

### III.    MOTION TO REMAND

Because the court must first determine that it may exercise subject matter jurisdiction in this case, and because Plaintiff's Motion to Remand is premised on his contention that the court lacks such jurisdiction, the court first considers the Motion to Remand.  As noted above, Defendants removed this action to this court on the theory that federal question jurisdiction exists due to the complete preemption of Plaintiff's claims by ERISA.

In general, a "party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013).  When considering whether to remand a removed action back to state court, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to the state court.  The existence of federal jurisdiction is tested at the time of removal.  In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citations omitted).  For this reason, "events occurring after removal . . . do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000).  In other words, to establish federal question jurisdiction, "defendants must show that [Plaintiff's]

5

complaint, *as it existed at the time of removal*, provides an adequate basis for the exercise of federal jurisdiction." *Bloomberg*, 552 F.3d at 1295 (emphasis supplied).

Although Plaintiff's complaint ostensibly presents only state law claims for fraud by misrepresentation and breach of fiduciary duty, and hence does not present any well-pleaded claim invoking federal law, Defendants argue that federal question jurisdiction exists because Plaintiff's state law claims are completely preempted by ERISA. "Complete preemption [also frequently referred to as "superpreemption" in case law] is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "Complete preemption under ERISA derives from ERISA's civil enforcement provision § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Consequently, any 'cause[] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court.'" *Id.* at 1344 (quoting *Metro Life Ins. Co v. Taylor*, 481 U.S. 58, 65-66 (1987)).

Complete preemption differs from the related concept of defensive preemption under ERISA. Complete preemption is narrower than defensive preemption and is jurisdictional in nature; that is, where a claim is subject to complete preemption under ERISA, a federal court is conferred with jurisdiction over the claim notwithstanding the requirement of a well-pleaded claim under federal law. Defensive preemption, on the

other hand, is express within § 514(a) of ERISA, and is codified at 29 U.S.C. § 1144(a). That provision dictates that any and all state law claims are preempted "insofar as they may now or hereafter relate to" an ERISA plan. § 1144(a). "Defensive preemption provides only an affirmative defense to certain state-law claims. As an affirmative defense, defensive preemption does not furnish subject matter jurisdiction under 28 U.S.C. § 1331[.]" *Butero v. Royal Maccabes Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). As another court has observed, "[b]ecause complete preemption is narrower, a state law claim may be defensively preempted but not completely preempted." *Dye v. Hartford Life & Accident Co.*, Civ. No. 5:13-cv-428-MTT, 2014 WL 1379246, at *2 (M.D. Ga. April 8, 2014) (citing *Anthem*, 591 F.3d at 1343); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) ("Therefore, a state-law claim may be defensively preempted . . . but not completely preempted . . . .").

Given all of the above, the court must determine whether Plaintiff's complaint, at the time it was removed to this court, presented any claim subject to complete preemption under ERISA. If so, then this court is vested with federal question jurisdiction. If not, then the court must remand this matter to the state court. In doing so, this court must "take pains not to apply the test for defensive preemption" because, at this time, "the key question is whether federal question jurisdiction is present based on superpreemption of state law claims." *Wilson v. Coman*, 284 F. Supp. 2d 1319, 1332 (M.D. Ala. 2003).

As noted above, complete preemption is derived from ERISA's civil enforcement provision, § 502(a), which is codified at 29 U.S.C. § 1132. The Eleventh Circuit has adopted a two-part test to determine whether a claim is subject to complete preemption:

7

"(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Anthem*, 591 F.3d at 1345. To satisfy the first prong of this inquiry, a defendant must show that (1) the plaintiff's claim falls within the scope of ERISA, and (2) the plaintiff has standing to sue under ERISA. *Id.* at 1350.

Defendants assert that Plaintiff could have brought his claims under § 502(a) of ERISA. *See* Def.'s Mot. to Dis. (Doc. 4) at 3-5. In particular, Defendants argue that the "Southern Company Pension Plan is an ERISA plan," that Plaintiff has standing to sue under the Plan as a 'participant' in the Plan," and that "SCS is an ERISA entity" because it is the sponsor of the ERISA plan. *Id.* at 3-4. Plaintiff does not appear to contest any of these representations. *See* Pl.'s Mot. to Rem. (Doc. 7) at 3-7. Defendants also contend that Plaintiff seeks the type of relief which he could have obtained under ERISA. Specifically, Defendants argue as follows:

> Under § 1132(a)(1)(B), a participant or beneficiary may file suit to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, or to clarify his rights to future benefits under the terms of the plan. Here, Horn claims damages relating to SCS's alleged failure to pay Horn's pension benefits to his beneficiary—his ex-wife. Horn, as a participant, or his ex-wife, as a beneficiary, could seek this relief under § 1132(a)(1)(B). Horn also asserts a claim for damages for breach of fiduciary duty against SCS and Alabama Power based on allegations that SCS misrepresented Plan terms. This claim can be asserted under 29 U.S.C. § 1132(a)(3), which allows a participant to file suit to obtain other appropriate equitable relief.

Def.'s Mot. to Dis. (Doc. 4) at 4-5 (quotation omitted). It is here that Plaintiff objects, focusing only on the nature of his fraud claim and the damages he seeks in conjunction with the claim.

> Clearly, if the fraud claim were premised on a failure to pay benefits, as Defendants suggest, the claim would be completely preempted. However, this is not the case. In-fact, Plaintiff does not seek to recover benefits due him or his ex-wife under the plan; he does not seek to enforce his or his ex-wife's rights under the plan; he does not seek to clarify his or his ex-wife's rights to future benefits under the plan; therefore, he does not seek relief under § 1132(a). Instead, he complains of, and hopes to recover damages for, injuries he suffered as a result of misrepresentations made to him as to when his ex-wife must begin receiving his retirement benefits.

Pl.'s Mot. to Rem. (Doc. 7) at 5. Plaintiff therefore concludes that, because his fraud claim could not have been brought under "§ 502(a) of ERISA, Defendants have failed to meet part one of [the test adopted in *Anthem*] and their complete preemption argument fails." *Id.* at 6.

Given Plaintiff's filing of his Notice of Voluntary Dismissal of Count II (Breach of Fiduciary Duty) of Complaint (Doc. 6), it is understandable why Plaintiff focuses only on his fraud claim in arguing against complete preemption. However, the court is bound to consider the complaint at the time it was removed to this court in determining whether subject matter jurisdiction exists, and Plaintiff's post-removal, unilateral attempt to narrow his claims against Defendants is immaterial to that inquiry. *Poore*, 218 F.3d at 1290-91.[1] At the time it was removed to federal court, the complaint alleged claims of

---

[1] Furthermore, Plaintiff's attempt to voluntarily dismiss his breach of fiduciary duty claim "pursuant to Rule 41(a)," Pl.'s Not. of Vol. Dis. (Doc. 6), is improper as a matter of procedure. Other than citing subsection (a) of Rule 41, which describes when a voluntary dismissal may be had without a court order and when it may only be achieved with a court order, Plaintiff's Notice does not clarify precisely what provision of Rule 41 upon which he relies. Rule 41 addresses dismissals of "Actions," meaning all of a plaintiff's claims against a particular defendant, not simply individual claims. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."). Rather, in order for Plaintiff to obtain a dismissal of his breach of fiduciary duty claim while continuing to press his fraud by misrepresentation claim, Plaintiff should have

both fraud and breach of fiduciary duty.  Whatever argument Plaintiff might proffer about the nature of his fraud claim, and however persuasive a court might find it, the court must also consider the breach of fiduciary duty claim in ascertaining whether it may exercise jurisdiction.

In his complaint, Plaintiff alleged that a "fiduciary relationship existed between Plaintiff and Defendant Southern Company," and that SCS "breached its fiduciary duty to Plaintiff in making" the alleged misrepresentation concerning when Planitiff's ex-wife was compelled to start receiving Plaintiff's retirement benefits.  Compl. (Doc. 3-1) ¶¶ 31-32.  ERISA requires that

> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104(a)(1)(A)-(B).  The Eleventh Circuit has held that a fiduciary's breach of these duties in the form of misrepresenting a plan's terms is actionable under ERISA.  *See Jones v. Am. Gen. Life and Acc. Ins. Co.*, 370 F.3d 1065, 1074 (11th Cir. 2004) ("We hold that . . . participants in an ERISA-governed plan that rely to their detriment on a fiduciary's representations of the plan's terms may state a claim for 'appropriate

---

amended his complaint pursuant to Rule 15(a).  *Id.* ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quotation and citation omitted).  Nevertheless, even if Plaintiff had properly amended his complaint pursuant to Rule 15(a) rather than relying on Rule 41(a), pursuant to the authorities discussed in the text of this Opinion, the court would still be compelled to evaluate the existence of subject matter jurisdiction as of the time of removal to this court, not at the time of any amendment of the complaint.

equitable relief' under Section 502(a)(3) if they have no adequate remedy elsewhere in ERISA's statutory framework."). Consequently, there is no doubt that Plaintiff's breach of fiduciary duty claim could have been brought pursuant to the civil enforcement provision of ERISA. Indeed, Plaintiff's effort to voluntarily dismiss that claim and to seek remand establishes that even Plaintiff recognizes that the claim could have been brought under ERISA and, therefore, is subject to complete preemption because the claim is not based upon any other legal duty owed by SCS to Plaintiff.[2]

For all of the foregoing reasons, the court finds that, at the time the complaint was removed to this court, the complaint included a claim—alleging breach of fiduciary duty by SCS—which Plaintiff could have brought pursuant to 29 U.S.C. § 1132(a) and which was not based on any legal duty independent of ERISA. Consequently, such claim is subject to complete preemption under ERISA, and the court is vested with subject matter jurisdiction over that claim and "any claims joined with the preempted claim." *Anthem*, 591 F.3d at 1353. Accordingly, Plaintiff's Motion to Remand is due to be denied.

## IV.   MOTION TO DISMISS

Defendants contend that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because they are preempted by ERISA and because, if treated as claims under ERISA, Plaintiff has failed to plead the requisite exhaustion of administrative remedies. Defs.' Mot. to Dis. (Doc. 4) at 1. "Under [Rule 12(b)(6)], whether a plaintiff failed to

---

[2] There is no dispute that, as Defendants argue, in the context of Plaintiff's breach of fiduciary duty claim, "SCS's fiduciary duties are prescribed by ERISA[,]" as set forth in the text previously quoted in this Opinion, and "[a]ny analysis of whether SCS breached fiduciary duties necessarily requires consideration of its fiduciary duties under ERISA." Defs.' Mot. to Dis. (Doc. 4) at 5.

state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996). In considering a motion pursuant to Rule 12(b)(6), the court must "accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

Defensive preemption requires dismissal of state law claims. *Butero*, 174 F.3d at 1212. Moreover, claims which are completely preempted "are also defensively preempted and must be dismissed." *Id.* at 1215; *Cotton*, 402 F.3d at 1281. Thus, to the extent it was not voluntarily dismissed by Plaintiff, his breach of fiduciary duty claim is due to be dismissed because it is completely preempted, leaving only Plaintiff's fraud by misrepresentation claim. As set forth above, Defendants argue this claim is also subject to complete preemption, while Plaintiff appears to argue that it is not preempted under either type of preemption. Ultimately, the court need not determine whether the fraud claim meets the more exacting standard for complete preemption[3] because, as has been

---

[3] Plaintiff makes at least a colorable argument that his fraud claim is not completely preempted by ERISA. *Compare* Pl.'s Mot. to Rem. (Doc. 7) at 5 ("Plaintiff does not seek to recover benefits due him or his ex-wife under the plan; he does not seek to enforce his or his ex-wife's rights under the plan; he does not seek to clarify his or his ex-wife's rights to future benefits under the plan; therefore, he does not seek relief under § 1132(a). Instead, he complains of, and hopes to recover damages for, injuries he suffered as a result of misrepresentations made to him as to when his ex-wife must begin receiving his retirement benefits."), *with Lamonica v. Brown Nursing Home, LLC*, Civ. No. 3:15-cv-326-SRW, 2015 WL 9008449, at *5-*9 (M.D. Ala. Dec. 15, 2015) (rejecting argument that Plaintiff's state law misrepresentation claim was completely

12

established, the court has jurisdiction over the claim and it is apparent that it is at least defensively preempted.

Defensive preemption is concerned only with whether a state law "relates to" an ERISA plan. 29 U.S.C. § 1144(a). The question of whether a state law "relates to" an ERISA plan turns on Congressional intent. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983). With regard to express preemption under ERISA, Congress' intent to preempt state laws is manifestly robust. "[T]he sweep of ERISA preemption is broad, applying well beyond those subjects covered by ERISA itself." *Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006). ERISA's "broad" express preemption reaches state laws or claims which have a "connection with or reference to" an ERISA plan. *Shaw*, 463 U.S. at 96-97. Hence, courts have long recognized that, "where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system" and are, therefore, subject to preemption. *Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995). *See also Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063, 1065-66 (11th Cir. 1998); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir. 1997).

Here, there would be no fraud by misrepresentation claim without the alleged misrepresentation by an ERISA entity (SCS) in an ERISA Plan document, Plaintiff's

---

preempted because "the gravamen of [the plaintiff's] complaint is not that she was wrongfully denied benefits under her employer-provided health insurance plan, but that defendant . . . lied to her about when her insurance coverage would be terminated" and the complaint "seeks compensation for damages she suffered as a result of defendant's . . . misrepresentations," not recovery of "plan benefits").

alleged reliance on the misrepresentation in deciding to retire early and begin receiving retirement benefits, and the corresponding failure to pay Plaintiff's retirement benefits in a manner consistent with Plaintiff's reading of the Plan document. Thus, the court must conclude that Plaintiff's fraud by misrepresentation claim "relates to" an ERISA plan for purposes of defensive preemption under § 1144(a). *See, e.g., Jones*, 457 F.3d at 1180; *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1352-53 (11th Cir. 1998); *Sanson v. Gen. Motors Corp.*, 966 F.2d 618, 620-21 (11th Cir. 1992); *Cummings v. Lincoln Nat'l Life Ins. Co.*, Civ. No. 15-cv-271-WHA, 2015 WL 3892756, at *4 (M.D. Ala. June 24, 2015) (finding misrepresentation and fraud claims defensively preempted because claim is "rooted" in plaintiff's "allegation that the Defendant denied benefits due to her under the ERISA-regulated" plan); *Lewis v. Blue Cross Blue Shield of Georgia*, Civ. No. 14-cv-316-MHT, 2015 WL 1475610, at *7 (M.D. Ala. Mar. 31, 2015); and *Dye*, 2014 WL 1379246, at *6.

Because Plaintiff's fraud by misrepresentation claim "relates to" an ERISA plan, it is defensively preempted and must be dismissed in accordance with ERISA's express preemption provision. Accordingly, Defendants' motion to dismiss is due to be granted.

**V.    CONCLUSION**

For all of the foregoing reasons, it is

ORDERED as follows:

a.    Plaintiff's Motion to Remand (Doc. 7) is DENIED;

b.    Defendants' Motion to Dismiss (Doc. 4) pursuant to Rule 12(b)(6) is
      GRANTED;

c. Defendants' separate requests to strike Plaintiff's claims for punitive and extra-contractual damages and to strike the jury demand, *see* Mot. to Dis. (Doc. 4), are DENIED as moot; and

d. the complaint is DISMISSED without prejudice.

Done this 30th day of March, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE